UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO, | Civil Action No. 10-5710(FSH) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| TOWNSHIP OF UNION, FRANK BRADLEY, and DANIEL ZIESER, | July 8, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff Maryanne Cosimano's Motion to Reopen. The Court has considered the motion and reviewed the submissions of both parties pursuant to Fed. R. Civ. P. 78.

### I. Statement of the Case

Plaintiff Maryanne Cosimano (hereinafter "Cosimano") was employed by Defendant Township of Union (hereinafter "Township") as a police officer from February 1990 until her retirement on August 1, 2010. From February 1989 to February 1990, Cosimano worked as a police officer for Union County. Additionally, from 1986 to 1989, Cosimano worked as a communications operator with Union in the police department. Prior to her job as a communications operator, Cosimano began working as a "safety specialist" with the New Jersey Division of Motor Vehicles ("DMV") in 1985.

Cosimano served as a patrol officer from 1990 until she was promoted to detective in 2000. In 2010, Cosimano was demoted from being a detective to being a patrol officer, resulting

in a reduction in pay. To avoid a reduction in her pension, Cosimano decided to retire effective August 1, 2010.

Prior to retiring, Cosimano alleges that Defendant Police Director Zieser (hereinafter "Zieser") advised her that she would receive health benefits upon retirement. However, after retiring, the Township's Director of Human Resources Kathleen Green (hereinafter "Green") advised Cosimano that she did not qualify for paid retiree health insurance coverage because she did not have the requisite twenty five years of eligible service credit. Cosimano needed to work for seven additional months according to Green. Also, Green did not include Cosimano's year of work with the DMV in her analysis.

On August 11, 2010, the Policemen's Benevolent Association Local No. 69 (hereinafter "PBA") represented Cosimano by filing a grievance with the Township challenging Green's interpretation of the Collective Negotiation Agreement ("CNA"). The grievance was denied and the PBA filed an unfair labor charge with the Public Employment Relations Commission. This matter was moved to arbitration where Barbara Zausner (hereinafter "Arbitrator Zausner") was appointed to be the arbitrator. On March 26, 2013, Arbitrator Zausner held that the Township interpreted the CNA correctly, and the decision regarding Cosimano's health care benefits did not violate the agreement.

On June 14, 2013, the Honorable Frederic S. Kessler, Presiding Judge of the Chauncery Division, Superior Court of New Jersey, Union County confirmed the Arbitration Award issued by Arbitrator Zausner.

The issue decided by Arbitrator Zausner was the type of "service" that was to be credited in determining whether the employee met the twenty five year requirement to qualify for retiree

health benefits. This same issue was decided a year earlier involving Officer Donald Garretson.[1] In that case, the arbitrator concluded that "service" was meant to be "full time, sworn, paid Police Officer with a municipal, county or state police agency." This Arbitration Award was also affirmed by the Superior Court of New Jersey. Although Arbitrator Zausner concluded that this prior arbitration award had a preclusive effect, she still thoroughly evaluated the evidence before her and reached the same conclusions through her own reasoning. Judge Kessler found that Arbitrator Zausner's decision was "reasonably debatable" and therefore, he affirmed it.

On April 9, 2012, this Court stayed the instant action, and now, Cosimano moves to reopen. In this action, Cosimano alleges that the Township violated N.J.S.A. § 10:5-12(a), a sex discrimination claim and 42 U.S.C. § 1983, a 1st Amendment retaliation claim.

**II.     Discussion**

The Township advances two arguments in opposition to Plaintiff Cosimano's Motion to Reopen: (1) the arbitration award and state court judgment are entitled to a preclusive effect; and (2) an abstention doctrine prohibits the Court from re-litigating Plaintiff's claims.

**A. Issue or Claim Preclusion**

The Township asserts that the arbitration awards and state court judgment are entitled to preclusive effect. Cosimano argues that the case is not barred by either issue or claim preclusion. Claim preclusion is applied where: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Board of Trustees of Trucking Employees on North Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). Issue preclusion requires: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom

---

[1] Cosimano alleges that Garretson was denied health benefits only after she filed suit.

the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Id.* at 505. In this case, the issue is whether the arbitration decision has a preclusive effect as to Cosimano's § 1983 and New Jersey Law Against Discrimination claims.

The Township argues that Arbitrator Zausner's decision that Cosimano is not eligible for retiree health benefits under the terms of the CNA bars the discrimination and retaliation claims. The Township claims that for Cosimano to show discrimination or retaliation, she needs to prove she was denied retiree health benefits to which she was entitled under the terms of the CNA. Since Cosimano unsuccessfully litigated her claim of entitlement to benefits under the terms of the CNA, the Township alleges she is estopped from relitigating these claims.

Cosimano contends that issue and claim preclusion are both inappropriate here because the arbitrator did not consider the sexual discrimination or retaliation claims, but rather made a decision based solely upon an interpretation of the CNA. The United States Supreme Court held "that in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 292 (1984). The Court found that "according preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights" because an arbitrator may not have the expertise or authority to enforce § 1983; a union's usual exclusive control over the grievance may result in an employee's loss of an opportunity to be compensated for a constitutional deprivation if it is not in the union's interest; and arbitral factfinding is generally not equivalent to judicial factfinding. *Id* at 284-285. Cosimano argues that the arbitration was the PBA's action and that she never had the opportunity to litigate either the § 1983 or N.J. Law

4

Against Discrimination claims. Additionally, the arbitrator did not determine whether the Township's actions were the result of gender discrimination or in retaliation for protected activity.[2]

The gender discrimination and retaliation claims in this case are not be barred by either issue or claim preclusion, but the Plaintiff may not relitigate the issues of what type of service qualifies for health benefits, because that issue has been decided and affirmed as to her claim. . Arbitrator Zausner interpreted the type of "service" that was to be credited in determining whether the employee met the twenty five year requirement to qualify for health benefits. The arbitrator did not determine whether the Township violated either 42 U.S.C. § 1983 or the N.J.S.A. § 10:5-12(a). Cosimano never had a full and fair opportunity to litigate either of these claims. The CNA interpretation may no longer be in dispute, but the Township's actions and conduct towards Cosimano are still in dispute because she alleges that the Township acted contrary to law in its conduct towards her other than in its calculation of the years of service she had accumulated prior to retirement. For example, if her claim is that discrimination or retaliation was the causal factor for the demotion that would be an unlitigated issue. Or if she alleges that the incorrect information she was given prior to her retirement was unlawfully motivated, she may attempt to summon those proofs. She may or may not be able to demonstrate a basis for liability but because the legal elements differ, she is entitled to attempt to prove a claim.

---

[2] Also, Cosimano asserts that the Garretson denial should not have a preclusive effect because the denial happened after Cosimano filed suit, and it was the first time the Township denied a male police officer health benefits.

5

In order to clarify the cause of action that will proceed in this Court, Plaintiff shall file an amended pleading within 30 days, stating with greater particularity the factual basis for each of her §1983 and NJLAD claims, indicating the factual basis for each claim separately. If further motion practice is appropriate after this pleading is filed, the parties shall move not later than 30 days after such pleading is filed.

**B. Abstention**

The Township argues that this Court should abstain from taking any further action in this matter until the state court renders a decision in the arbitration matter pursuant to the *Colorado River* abstention doctrine.[3] Cosimano asserts that this Court must adjudicate the case because an abstention doctrine does not bar the case from proceeding.

The Supreme Court held that "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813 (1976). There are three appropriate circumstances for abstention: (1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;" *see, e.g., Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941); (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;" *see, e.g., Burford v. Sun Oil Co.,* 319 U.S. 315 (1943); (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places

---

[3] After the Township submitted its brief in opposition to Plaintiff's motion to reopen, the New Jersey State Court affirmed the arbitration award.

exhibiting obscene films or collection of state taxes." *See Colorado River Water Conservation Dist.*, 424 U.S. at 814-16; *see, e.g.,Younger v. Harris*, 401 U.S. 37 (1971).

This case does not present a federal constitutional issue which might be mooted or presented in a different posture by a state court determination. If this Court were to relitigate the issue before the NJ state court, *i.e.*, the correctness of the decision that Cosimano lacks the requisite years of service to qualify for the benefits, this case would present a difficult question of state law bearing on policy problems of substantial public import. The right of public employees to qualify for publicly funded pension plans is a difficult question of state policy bearing on an issue of substantial public import. Therefore, this Court will abstain from making that determination and that issue will not be relitigated in this case. The Court will allow Plaintiff to litigate her claims of gender discrimination and retaliation in a manner that does not seek to have this Court rule on matters from which it abstains.[4]

### III.     Conclusion

For the reasons discussed above, Cosimano's motion to reopen this matter is granted in accordance with the above opinion. An appropriate Order shall issue.

s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[4] Additionally, Cosimano argues that the *Rooker-Feldman* doctrine does not bar this case from proceeding, and the Township does not refute this in its opposition to the motion to reopen.