NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF UNION, FRANK BRADLEY, and DANIEL ZIESLER,<br><br>Defendants. | Civil Action No. 10-5710 (JLL) (JAD)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court upon the Motion for Reconsideration by Frank Bradley, Township of Union, and Daniel Ziesler (collectively "Defendants") pursuant to L. Civ. R. 7.1(i). (ECF No. 107.) The Court has considered the submissions made in support of and in opposition to Defendants' Motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. Based on the following and for the reasons expressed herein, Defendants' Motion for Reconsideration is **denied**.

**I.    BACKGROUND**

Plaintiff Maryanne Cosimano ("Plaintiff") worked as a patrol officer and detective for the Township of Union (the "Township") from February 1990 until her retirement effective August 1, 2010. (ECF No. 87-1 ¶¶ 1, 8-9.) Plaintiff states that Daniel Ziesler, police director of the Township, informed Plaintiff that she would receive lifetime health benefits paid for by the Township upon retirement with twenty-five years of service credit. (Id. ¶ 12.) Plaintiff claims that she relied on this representation and purchased enough service credit from the Police and

1

Fireman's Retirement System ("PFRS") to accumulate twenty-five years of PFRS service credit. (Id. ¶ 13.) Plaintiff contends that upon her retirement, Kathleen Green, Human Resources Director of the Township, rescinded Plaintiff's receipt of benefits. (Id. ¶ 14.) Plaintiff states that this decision was condoned by Ziesler and Township Administrator Frank Bradley. (Id. ¶ 15.)

On August 23, 2010, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Union County, alleging gender discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD") and retaliation in violation of 42 U.S.C. § 1983. (ECF No. 1, Ex. A.) Plaintiff filed an Amended Complaint on September 20, 2010. (Id., Ex. B.) Defendants removed the case to federal court on November 2, 2010. (ECF No. 1.) Defendants filed a motion to dismiss on November 23, 2010. (ECF No. 7.) The Honorable Faith S. Hochberg, United States District Judge denied Defendants' motion on March 7, 2011. (ECF No. 17.) Defendants filed their first motion for summary judgment on December 16, 2011. (ECF No. 37.) Judge Hochberg denied this motion on February 2, 2012, finding that it "appear[ed] on the face of the parties' voluminous submissions that they dispute a number of material facts with respect to Plaintiff's allegations." (ECF No. 51 at 2.) Judge Hochberg subsequently stayed the matter pending the resolution of a grievance arbitration filed on behalf of Plaintiff by her union. (ECF No. 72.) On March 26, 2012, Arbitrator Barbara Zausner denied Plaintiff's grievance, finding that the Township was under no obligation to provide Plaintiff with healthcare benefits pursuant to the collective negotiations agreement ("CNA") between the Township and Plaintiff's union. (ECF No. 81-2.) The Superior Court of New Jersey confirmed the arbitration award on June 14, 2013. (ECF No. 83-1.)

On July 8, 2013, Judge Hochberg re-opened the matter and ordered Plaintiff to file an Amended Complaint and state her claims with greater particularity. (ECF No. 85 at 6.) In her

2

opinion, Judge Hochberg rejected Defendants' argument that Arbitrator Zausner's decision has a preclusive effect over Plaintiff's discrimination and retaliation claims. (Id. at 3-6.) Plaintiff filed a Second Amended Complaint on August 6, 2013. (ECF No. 87.) Defendants filed a second motion for summary judgment on August 30, 2013. (ECF No. 89.) The only new argument raised in this second motion was that Arbitrator Zausner's decision interpreting the CNA is entitled to preclusive effect. (ECF No. 105 at 2.) This case was transferred to the Honorable Jose L. Linares, United States District Judge on January 15, 2014. (ECF No. 100.) This Court denied Defendants' second motion for summary judgment on May 14, 2014. (ECF No. 105.) Specifically, this Court declined to reconsider Judge Hochberg's finding that Arbitrator Zausner's decision does not preclude Plaintiff's discrimination and retaliation claims, finding that such a reconsideration would violate the law of the case doctrine. (Id. at 2.)

Defendants filed the instant Motion for Reconsideration on May 28, 2014, arguing that (i) this Court overlooked controlling law with respect to the law of the case doctrine, and (ii) this court misinterpreted Judge Hochberg's July 8, 2013 decision as standing for the proposition that the arbitration award does not preclude Plaintiff's claims. (ECF No. 107.) Plaintiff filed an Opposition on June 17, 2014. (ECF No. 110.) Defendants filed a Reply on July 1, 2014. (ECF No. 114.)

## II. STANDARD OF REVIEW

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To

prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) the availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey City, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

### III. DISCUSSION

Defendants do not argue that there has been an intervening change of law or that new evidence has become available. Instead, Defendants claim that this Court misapplied the law of the case doctrine and misconstrued Judge Hochberg's July 8, 2013 decision. These arguments will be addressed in turn.

#### A. Law of the Case Doctrine

Defendants first argue that this Court misapplied the law of the case doctrine when it declined to re-consider arguments already rejected by Judge Hochberg when she denied Defendants' first motion for summary judgment because the arbitration award and the Superior Court of New Jersey decision affirming the award did not exist at the time Judge Hochberg rendered her decision. However, in declining to re-consider Defendants' arguments, this Court relied not only on Judge Hochberg's decision denying Defendants' first motion for summary judgment, but also on Judge Hochberg's July 8, 2013 opinion and order that concluded that the

4

arbitration award does not preclude Plaintiff's claims. Thus, although the arbitration award did not exist when Defendants' first motion for summary judgment was denied, this Court did not err in declining to re-consider the arguments already raised in this motion.

Accordingly, Defendants' argument that this Court misapplied the law of the case doctrine is denied.

### B. Judge Hochberg's July 8, 2013 Decision

Defendants also argue that this Court erred when it concluded that Judge Hochberg determined that the arbitration award does not preclude Plaintiff's NJLAD and retaliation claims. Defendants assert that Judge Hochberg only allowed the case to move forward based on issues unrelated to Plaintiff's health benefits under the CNA, and argues that this Court should have granted summary judgment in Defendants' favor as to the claims in the Second Amended Complaint because they pertain to the denial of Plaintiff's health benefits. However, Judge Hochberg specifically stated that "[t]he gender discrimination and retaliation claims in this case are not barred by either issue or claim preclusion," reasoning that "the arbitrator did not determine whether the Township's actions were the result of gender discrimination or in retaliation for protected activity." (ECF No. 85 at 5.) Judge Hochberg further stated that "[t]he CNA interpretation may no longer be in dispute, but the Township's actions and conduct towards Cosimano are still in dispute." (Id.) As the claims in Plaintiff's Second Amended Complaint are premised on the notion that Defendants discriminated against her due to her gender and retaliated against her for engaging in a protected activity, this Court did not err when it denied Defendants' second motion for summary judgment.

As such, Defendants' argument that this Court misconstrued Judge Hochberg's July 8, 2013 decision is denied.

### IV. CONCLUSION

5

For the foregoing reasons, Defendants' Motion for Reconsideration is **denied**. An appropriate order follows this Opinion.

_____
Jose L. Linares, U.S.D.J.

Date: July 7th, 2014
Original: Clerk's Office
cc: Hon. Joseph A. Dickson U.S.M.J.
All Counsel of Record
File

6