**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARYANNE COSIMANO, | |
| Plaintiff, | Civil Action No. 10-5710 (JLL) (JAD) |
| v. | |
| TOWNSHIP OF UNION et al., | OPINION |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.

    This matter comes before the Court upon Plaintiff's Motion for Reconsideration of this Court's Order (ECF No. 230) granting Defendants Township of Union, Frank Bradley and Daniel Zieser's ("Defendants") motion for leave to file a late answer to Plaintiff Maryanne Cosimano's Second Amended Complaint. (ECF No. 219). Pursuant to the Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's motion. Upon careful consideration of the parties' submissions and for the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED**.

**I.   FACTUAL AND PROCEDURAL HISTORY**

    Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, Union County on August 23, 2010. (Notice of Removal, ECF No. 1). On September 20, 2010, Plaintiff filed an Amended Complaint. Defendants subsequently removed the action to the United States District Court on November 2, 2010. (First Am. Compl., ECF No. 1, Ex. A.).

Plaintiff brought suit against Defendants for claims under 42 U.S.C. §1983 ("§1983") and New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. §10:5-12 (a), for retaliation and gender discrimination. Plaintiff alleges, inter alia, that "she was denied health benefits at retirement because she is a woman and in retaliation because she exercised her First Amendment rights when she filed a grievance contesting her demotion from detective to patrolman." (ECF No. 220-1 at 1).

On April 9, 2012, the District Court stayed this case pending Plaintiff's grievance arbitration proceeding. (ECF No. 72). On March 26, 2013, the arbitrator resolved that proceeding in favor of Defendant, Township of Union. (ECF No. 78). On May 24, 2013, Plaintiff moved to reopen the case. (ECF No. 80).

On July 8, 2013, the Honorable Faith S. Hochberg, U.S.D.J. entered an Order reopening the case to determine the §1983 and NJLAD claims. (ECF No. 86). In Her Honor's Opinion, Judge Hochberg ordered that Plaintiff amend her Complaint within thirty days to state "with greater particularity the factual basis for each of her §1983 and NJLAD claims, indicating the factual basis for each claim separately." (ECF No. 85 at 6, ECF No. 86). The Court also ordered, "[i]f further motion practice is appropriate after this pleading is filed, the parties shall move not later than 30 days after such pleading is filed." Id.

Soon after Plaintiff filed her Second Amended Complaint, Defendants moved for summary judgment. (ECF No. 87, 89). On October 25, 2013, the District Court administratively terminated Defendants' summary judgment motion and stayed the case for ninety days as the case was sent to mediation, (ECF No. 99), which was ultimately unsuccessful. On May 14, 2014, the District Court reinstated and denied Defendants' summary judgment motion. (ECF No. 105). On November 19, 2015, this Court signed the First Amended Final Pretrial Order. (ECF. No. 161).

A jury trial was scheduled before the Honorable Jose L. Linares on June 20, 2016. (ECF No. 171). Soon after, the parties filed their motions *in limine.* (ECF No. 175 through ECF No. 181). The trial has been adjourned twice since Judge Linares' original Order. The trial is currently scheduled for January 17, 2017. (ECF No. 211). On October 12, 2016, Defendants filed a motion for leave to file a late Answer to Plaintiff's Second Amended Complaint. (ECF No. 87, ECF No. 220-1). On November 23, 2016, this Court granted Defendants' motion. (ECF No. 230). On December 8, 2016, Plaintiff brought this motion for reconsideration. (ECF No. 232).

## II. STANDARD OF LAW

"'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003) (internal citation omitted). Reconsideration is appropriate only where: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael v. Everson, et al., 03-4787 (DMC), 2004 U.S. Dist. LEXIS 11742 at *1 (D.N.J. May 21, 2004). The Court will typically grant a motion for reconsideration only if its prior decision overlooked a factual or legal matter that may alter the disposition of the issue. Church & Dwight Co, Inc. v. Abbott Labs., No. 05-2142 (GEB), 2008 U.S. Dist. LEXIS 15619, at * 4 (D.N.J. February 29, 2008). As such, it may ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. Days Inns Worldwide, Inc. v. Ram Lodging, LLC, et al., No. 09-2275 (SDW), 2010 U.S. Dist. LEXIS 74534, at * 3 (D.N.J. July 19, 2010) (citing SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989),

aff'd, 891 F.2d 283 (3d Cir. 1989)). Facts that were known at the time of the original application generally may not be introduced for the first time on reconsideration. Id. at * 3.

A motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. Id. The reconsideration process "should not provide the parties an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." Leja v. Schmidt Mfg., Inc., No. 01-5042 (DRD), 2008 WL 1995140, at * 3 (D.N.J. May 6, 2008); see also United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected.")

### III.    DISCUSSION

Plaintiff's argues that the Court may "have 'overlooked' that permitting this late answer will seriously prejudice Plaintiff. Specifically, it will permit Defendants to contest that the receipt of retiree health benefits will be for Plaintiff's "lifetime.'" (Pl. Br. ECF No. 232-2 at 1). Plaintiff explains, "[h]ere, the critical fact that this court overlooked is that Defendants have changed their position on lifetime health benefits after the second trial date had already passed and that this change in position will prejudice Plaintiff." (Pl. Br. ECF No. 232-2 at 2). Furthermore, Plaintiff argues that the Court may have overlooked that although the issue of "lifetime benefits" "may be irrelevant to liability it is certainly relevant as to damages." (Pl. Br. ECF No. 232-2 at 3).

Defendants on the other hand, argue that the Court's finding of good cause to grant the extension of time to file a late answer was fully supported by the facts and the law. Defendants contend that, "[t]he need for a formal Answer to Plaintiff's Second Amended Complaint was

simply to complete the record so that there are no factual allegations left unaddressed in the record that can be used to mislead the jury at Trial in this proceeding." (Def. Br. ECF No. 236 at 4). Defendants argue that denying them an opportunity to file the late Answer would result in enabling "Plaintiff to try to mislead the jury by presenting her Amended Complaint as a statement of fact rather than a pleading." Id. Moreover, Defendants contend that "Plaintiff's premise for her assertion of prejudice was considered and rejected by the Court. Plaintiff has not pointed to anything new, or any change in the law, that would change the court's conclusion that the issue of 'lifetime' benefits is not relevant to the proceeding." Id. at 7.

In the matter at hand, Plaintiff has failed to articulate a legitimate basis for reconsideration. Specifically, she has not established that (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael, 2004 U.S. Dist. LEXIS 11742 at *1. Plaintiff's motion is a reiteration of her opposition to Defendants' motion to file a late answer. Plaintiff argues that she is prejudiced because her expert "based [Plaintiff's] damages report on the fact that Cosimano, if successful on liability, would receive damages based on retiree benefits for her lifetime." (Pl. Br. ECF No. 232-2 at 2). The Court did not overlook Plaintiff's argument. The Court disagrees with Plaintiff. Plaintiff's argument that Defendants' position will impact Plaintiff's expert report is apparently based on a faulty assumption that the term "lifetime" is dispositive to determining damages if Defendants are found liable for the alleged discrimination, or that Plaintiff's expert relied on Defendants' admissions. Both assumptions are groundless. Defendants have admitted that certain employees were provided health benefits when they retired. In Defendants' opposition brief to Plaintiff's motion for

reconsideration of this Court's Order and Opinion dated November 23, 2016 concerning the use of certain documents at trial, Defendants explained:

> Whether those retirees will receive such benefits until the day they die will depend on a number of factors outside of the control of the Township of Union; including, whether they are subsequently employed and eligible for more generous benefits through their spouse, which they may choose to utilize; the impact of Medicare eligibility; and changes in state law that may impact the State Health Benefits Program, the plan provided by the Township of Union for its employees and retirees.

(Def. Br., ECF No. 235 at 7). Therefore, until everyone of these certain male employees are deceased, it is simply not possible to demonstrate that these employees received benefits for life. Moreover, Defendants' position does not prejudice Plaintiff. If the jury finds that Defendants are liable, Plaintiff still has the ability to make the argument that she is entitled to receive damages; specifically, she may argue for the value of the benefits for the remaining years of her life. This is precisely what her expert will attempt to show: what benefits would have been paid for her expected life.[1] Plaintiff's expert does not rely on any admission by Defendants that others received lifetime benefits- it relies on her actuarially calculated life expectancy. (See Ex. Binder, Ex. P-72).

Finally, Plaintiff misses the Court's point that the Pretrial Order supersedes all of these pleadings. (Opinion, ECF No. 229 at 7-8) (citing Batista v. Weir, 340 F. 2d 74, 85 (3d Cir. 1965)). As the Court stated in its Opinion, "[t]he Third Circuit has observed that it is 'established law that

---

[1] The Court's decision on Plaintiff's motion for reconsideration of the Court's Opinion and Order regarding evidence to be presented at trial is simultaneously being granted in part today. At trial, Plaintiff will not be prevented from attempting to make the argument before the Honorable Jose L. Linares, U.S.D.J., that Defendants previously made an admission that certain male officers received lifetime health benefits and may introduce its original Exhibits P-1 and P-2 in support of that argument, subject to any evidential objections made by Defendants, as set forth in the Final Pretrial Order. (ECF No. 161).

6

a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order.'" (Opinion, ECF No. 229 at 8) (citing Dinenno v. Lucky Fin Water Sports, LLC, 837 F. Supp. 2d 419, 423 (D.N.J. 2011) (quoting Basista v. Weir, 340 F. 2d 74, 85)). Therefore, the pleading at issue will be superseded by the Court's Amendments to the Court's Final Pretrial Order.[2]

### IV.  CONCLUSION

As discussed above, the Court did not overlook Plaintiff's arguments. The Court disagreed with Plaintiff. Such disagreement is an inappropriate basis for a motion for reconsideration. For the foregoing reasons, Plaintiff's Motion for Reconsideration, (ECF No. 232), is **DENIED**. An appropriate form of Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　_____ 12/30/16
　　　　　　　　　　　　　　　　　　　　　　　　JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Jose L. Linares

---

[2] Furthermore, pursuant to Federal Rules of Civil Procedure 15(b)(1), at the trial the Court "[should freely permit an amendment [to the pleadings] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence will prejudice that party's action or defense on the merits. Fed. R. Civ. P. 15(b)(1).