**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARYANNE COSIMANO,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TOWNSHIP OF UNION et al.,**<br><br>    **Defendants.** | Civil Action No. 10-5710 (JLL) (JAD)<br><br>**OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

    This matter comes before this Court upon Plaintiff's Motion for Reconsideration of this Court's Letter Order dated November 23, 2016. (ECF No. 228). Pursuant to the Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's motion. Upon careful consideration of the parties' submissions and for the reasons stated below, Plaintiff's Motion for Reconsideration is **GRANTED** in part and **DENIED** in part.

    **I. PROCEDURAL HISTORY**

    Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, Union County on August 23, 2010. (Notice of Removal, ECF No. 1). On September 20, 2010, Plaintiff filed an Amended Complaint. Defendants subsequently removed the action to the United States District Court on November 2, 2010. (Am. Compl., ECF No. 1, Ex. A.).

    Plaintiff brought suit against Defendants for claims under 42 U.S.C. §1983 ("§1983") and New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §10:5-12 (a), for retaliation and

gender discrimination. Plaintiff alleges, inter alia, that "she was denied health benefits at retirement because she is a woman and in retaliation because she exercised her First Amendment rights when she filed a grievance contesting her demotion from detective to patrolman." (ECF No. 220-1, at 1).

A jury trial was scheduled before the Honorable Jose L. Linares, U.S.D.J. for June 20, 2016. (ECF No. 171). On June 1, 2016, the parties filed their motions *in limine*. (ECF No. 175-181). One of Defendants motions was to bar evidence not previously identified and or provided in discovery (hereinafter "ECF No. 177"). Defendants' motion argued, inter alia, that Plaintiff should be barred from introducing as evidence at trial any unidentified witnesses and documents that Defendants alleged were never disclosed by Plaintiff during discovery. (ECF No. 177-1, at 5, 7). On June 15, 2016, Judge Linares held oral argument on the parties' *in limine* motions. Judge Linares referred Defendants' *in limine* motion ECF No. 177 to this Court.

On June 22, 2016, this Court held oral argument on Defendants' *in limine* motion ECF No. 177. This Court reserved its decision pending Judge Linares' decision on the remaining *in limine* motions. (Ct. Tr., ECF No. 199 at 10). At the June 22, 2016 hearing, the Court ordered that Plaintiff provide Defendant with a list of witnesses and the testimony Plaintiff intended to illicit from the witnesses. Id. at 10-11. Additionally, the Court ordered that Plaintiff produce a copy of the documents listed in the exhibit list. (ECF No. 199 at 12).

On August 1, 2016, Judge Linares entered an Order which resolved the parties *in limine* motions and ruled, inter alia, on the dispute involving the relevance of Plaintiff's evidence. (ECF No. 197, 198). On September 20, 2016, Plaintiff requested that this Court address Defendants' *in limine* motion ECF No. 177. Following Plaintiff's letter, Defendants notified the Court that

Plaintiff's Counsel failed to produce a summary of the testimony Plaintiff intended to illicit from the witnesses at trial.

On September 23, 2016, this Court, in an attempt to bring Judge Linares' August 1, 2016 Order to fruition, ordered that Plaintiff's counsel provide Defendants' counsel with proposed stipulations regarding the subject matter of Judge Linares' rulings. (ECF No. 207). Thereafter, the parties could not agree on stipulations regarding comparators, or indeed, whether witnesses or documents had been properly disclosed and whether Defendants made certain admissions. (Pl. Ltr., ECF No. 207 and Def. Ltr., ECF No. 208).

Accordingly, on September 30, 2016, this Court issued an Order that provided, "Plaintiff shall submit all the names of the male retired officers and documents related to the male retired officers Plaintiff will present as evidence at trial on or before October 28, 2016. Defendants shall respond to Plaintiff's submissions on or before October 28, 2016. Furthermore, Plaintiff and Defendants shall provide the Court with an Exhibit Binder." (ECF No. 211).

On November 23, 2016, this Court issued a Letter Order addressing the exhibits binder and Defendants' objections to the evidence Plaintiff proposed to present at trial. The Court granted in part and denied in certain evidence proposed by Plaintiff's counsel. (ECF No. 233). On December 8, 2016, Plaintiff brought this motion for reconsideration. (ECF No. 233).

## II.    STANDARD OF LAW

"'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003) (internal citation omitted). Reconsideration is appropriate only where: (1)

there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael v. Everson, et al., 03-4787 (DMC), 2004 U.S. Dist. LEXIS 11742 at *1 (D.N.J. May 21, 2004). The Court will typically grant a motion for reconsideration only if its prior decision overlooked a factual or legal matter that may alter the disposition of the issue. Church & Dwight Co, Inc. v. Abbott Labs., No. 05-2142 (GEB), 2008 U.S. Dist. LEXIS 15619, at *4 (D.N.J. February 29, 2008). As such, it may ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. Days Inns Worldwide, Inc. v. Ram Lodging, LLC, et al., No. 09-2275 (SDW), 2010 U.S. Dist. LEXIS 74534, at *3 (D.N.J. July 19, 2010) (citing SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989)). Facts that were known at the time of the original application generally may not be introduced for the first time on reconsideration. Id. at *3.

A motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. Id. The reconsideration process "should not provide the parties an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." Leja v. Schmidt Mfg., Inc., No. 01-5042 (DRD), 2008 WL 1995140, at *3 (D.N.J. May 6, 2008); see also United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected.")

### III.  DISCUSSION

Plaintiff's motion argues that this Court should reconsider the Court's decision to (1) exclude from evidence Plaintiff's Amended Complaint and Defendants' Answer to same (previously identified as Exhibits P-1 and P-1 in Plaintiff's Exhibits appended to the Final Pretrial Order); (2) exclude from evidence Plaintiff's Second Amended Complaint; and (3) limit the admissibility of Kathleen Green and Daniel Zeiser's affidavits. (Pl. Br., ECF No. 233-2, at 1). Plaintiff argues that the Court may have "overlooked" that "(1) the only issue before Your Honor was whether these items were produced in discovery and since they were, the motion should have been summarily denied and (2) the above are all properly admissible in evidence." Id. Plaintiff contends that the motion at issue was defendants motion in limine "To Bar Evidence Not Previously Identified and/or Provided in Discovery." Id. at 2. Plaintiff further argues that because the Court "properly found, all of the documents that were sought to be excluded had been produced in discovery- most by Defendants" this Court should have "summarily denied and this should have been the end of the matter." Id.

Plaintiff argues that the Amended Complaint and Defendants' Answer to same should not have been excluded because these pleadings were produced in discovery. (Pl. Br., ECF No. 233-2, at 3-4). Additionally, Plaintiff points out that the pleadings were identified as Exhibits P-1 and P-2 of the initial Final Pretrial Order entered into by this Court. Id. Plaintiff contends that the Amended Complaint and Defendants Answer constitute as an admission and may be used as evidence to prove that certain male employees received "lifetime benefits." Id. In support of her argument, Plaintiff cites to Giannone v. U.S. Steel Corp., 238 F. 2d 544, 547 (3d Cir. 1956). Id. at 5. In Giannone, the court found that "superseded or withdrawn pleadings" are admissible. Giannone, 238 F. 2d 544, at 547. Furthermore, Plaintiff argued that "superseded pleadings" may

5

be offered as evidence rebutting a subsequent contrary assertion." (Pl. Br., ECF No. 233-2, at 5) (citing W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F. 3d 165, at 171-172 (3d Cir. 2013)).

Defendants, on the other hand, argue that Plaintiff's motion is based on "faulty misstatements of facts" and "faulty assumptions." (Def. Opp., ECF No. 235 at 3). Defendants contend that the issue before this Court was "whether these Trial Exhibits had been previously **identified** by Plaintiff as potential Trial Exhibits." Id. at 4. Defendants argue that the Courts decision properly considered the law on these issues. Id. at 5. "As was correctly noted, once there is a Final Pretrial Order entered it takes the place of the pleadings covered by the Pre-Trial Order." Id. at 5. (citing Dinenno v. Lucky Fin Water Sports, LLC, 837 F. Supp. 2d 419, 423 (D.N.J. 2011). Moreover, Defendants argue that the "law is clear that Plaintiff cannot rely upon two (2) Amended Complaints as the Third Circuit has noted that an amended complaint supersedes the original complaint and renders it to no legal effect. Id at 6. (citing W. Run Student Hous. Assocs., LLC, 712 F. 3d 165, at 171-172). Additionally, Defendants argue that Plaintiff has failed to demonstrate "why she needs multiple documents to address the same factual contentions." Id. at 8. Defendants explain, "the issues of years of service and receipt of retiree health benefits is addressed in the stipulations contained in the Final Amended Pretrial Order, as well as Plaintiff's proposed Trial Exhibit, P-60." Id.

The Court agrees with Plaintiff that the Amended Complaint and Defendants' Answer were identified as Exhibits P-1 and P-2 in the First Amended Final Pre-Trial Order entered by this Court on November 19, 2015. (Am. Pre-Trial Order, ECF No. 161-1, at 114). Defendants never filed an *in limine* motion to exclude such documents. As such, the Court's evidentiary ruling to exclude the Amended Complaint and Defendants Answer was not appropriate and the Court reverses its

decision to exclude such documents. Plaintiff may introduce Exhibits P-1 and P-2 at trial subject to any evidential objections made by Defendants, as set forth in the First Amended Final Pre-Trial Order. Id. at 114.

Plaintiff's motion also argues that the Court should reconsider its decision to exclude the Second Amended Complaint and the Green and Zeiser affidavits. As to the Second Amended Complaint, Plaintiff argues "[w]e have moved to reconsider your Order permitting Defendants to file a late answer. If granted, that Complaint is deemed admitted and therefore constitutes an admission." (Pl. Br., ECF No. 233-2, at 6). Additionally, Plaintiff argues that Green and Zeiser's affidavit should not be limited to lifetime health benefits. Id. at 6. Plaintiff contends, "Greens affidavit is relevant because she sets forth the years of service of the male retirees so it is clearly relevant especially since Defendants refused to stipulate to same. Zeiser's is relevant because he denies that he was involved with the denial of health benefits when other evidence indicates he was." Id.

The Court denies Plaintiff's motion to reconsider the Court's decision to exclude the Second Amended Complaint and to limit the admissibility of the affidavits. Plaintiff has failed to demonstrate that (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. Carmichael v. Everson, et al., 03-4787 (DMC), 2004 U.S. Dist. LEXIS 11742 at *1 (D.N.J. May 21, 2004). Furthermore, Plaintiff has failed to demonstrate that the Court has overlooked a factual or legal matter pertaining to the Second Amended Complaint and the affidavits. The Court rejected the arguments Plaintiff has now reiterated in this motion. Plaintiff argues that the documents at issue are relevant for the reasons stated above. These arguments have been made and preserved elsewhere. The documents will not be allowed in

through the back door of an improperly amended Final Pre-Trial Order. Plaintiff is, in essence, requesting that the Court reevaluate its decision on precisely the same facts and law at issue. Plaintiff's dissatisfaction with this Court's prior decision is not a valid ground for seeking reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 233) of the Court's November 23, 2016 Letter Order is hereby **GRANTED** in part and **DENIED** in part. An appropriate form of Order accompanies this Opinion.

_____ 12/30/16
**JOSEPH A. DICKSON, U.S.M.J.**

cc: Honorable Jose L. Linares