NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF UNION, *et al.*, <br><br> Defendants. | Civil Action No.: 10-5710 (JLL) <br><br> **OPINION AND ORDER** |

**LINARES**, District Judge.

On April 5, 2017, outside of the presence of the jury, this Court heard argument from counsel with respect to the admissibility of evidence pertaining to two retired male police officers who served the Township of Union. The Court reserved on this issue. Having considered the arguments raised by the Parties both in their papers (ECF Nos. 270, 274) as well as those arguments made during the April 5th oral argument, the Court finds that Officers Stotzer and Vargo cannot be said to be "similarly situated" to Plaintiff. As such, the Court denies Plaintiff's motion to admit evidence pertaining to these officers.

As this Court explained to counsel on the record on April 5th, in order to be "similarly situated" to the Plaintiff in this case, and therefore relevant to Plaintiff's NJ Law Against Discrimination claim, retired male officers must have been given lifetime health benefits to which they were not contractually entitled. Whether retirees were, in fact, contractually entitled to lifetime health benefits turns on the language of the CBA under which they retired.

Officer Stotzer retired as an officer with the Township of Union in 1994. Accordingly, Officer Stotzer retired under the CBA as it remained unchanged by the May 1999 (for patrol persons) and December 2007 (for superior officers) amendments. Under the CBA as it existed at that time, retired officers were entitled to receive "pension benefits"—which Arbitrator Zauser has deemed to include health benefits—so long as they had 25 years of service with the Township of Union or "prior service with another Police or Fire department or other Governmental agency."

The Parties do not dispute that Officer Stotzer had 24 years of service as a Township of Union police officer. Nor do the Parties dispute that Officer Stotzer purchased one year of credit for his service in the United States military. Defendants maintain that Stotzer had met the 25 years of service requirement with the Township and another "Governmental agency" at the time of his retirement and was therefore entitled to the benefits he received. The Court agrees.

Officer Stotzer's one year of credit with the military is appropriately calculated in considering whether he met the 25 years of service required under the prior CBA. Notably, Plaintiff has not argued that Officer Stotzer was erroneously permitted to purchase credit for his military service. Indeed, members of the Public Employee Retirement System ("PERS") are, generally speaking, "eligible to purchase service credit for up to 10 years of active military service rendered prior to enrollment" in PERS.[1] Instead, Plaintiff argues that service with the United States military does not qualify as service with a "Governmental agency" because the "military" is not generally known as a "Governmental Agency." Plaintiff urges that the issue of whether the military is a "Governmental Agency" is an issue of fact for the jury to decide.

---

[1] State of New Jersey, Division of Pension and Benefits, Fact Sheet #1, September 2016, at 3, *available at* http://www.state.nj.us/treasury/pensions/pdf/factsheets/fact01.pdf (last visited April 5, 2017).

Although Plaintiff argues that the "military" is not considered a "Governmental Agency," the Court notes that the specific CBA clause at issue (the "Seniority clause") specifically applies to the receipt of pension benefits. If a PERS member is permitted to purchase service credit for the purposes of calculating pension benefits, which are provided by the State of New Jersey rather than the Township of Union, then it would defy common sense to construe the prior CBA to which Officer Stotzer was subject to as excluding military service from the definition of service with a "Governmental Agency." Were that the case, a PERS member would purchase credits for his or her past military service in order satisfy the prior CBA's years of service requirement under the Seniority clause only to be denied the pension benefits which he or she was seeking. Accordingly, the only reasonable interpretation of a "Governmental agency" includes military service. Officer Stotzer therefore satisfied the 25 years of service requirement under the prior CBA's more expansive/inclusive language. Although it may be argued that Plaintiff also purchased credits, the language under which she was operating had been significantly limited by the May 1999 amendments.

Second, the Court considers the relevancy of evidence pertaining to Officer Vargo's receipt of health benefits upon retirement. Officer Vargo retired after the CBA amendments, and, accordingly, is subject to the same, more restrictive interpretation that Ms. Cosimano was subject to. That is, under the amended CBA, as interpreted by the Arbitrator and ratified by the Superior Court of New Jersey, an individual is entitled to health benefits upon retirement so long as he or she has 25 years of service "as a full-time, sworn, paid Police Officer, with a municipal, county or state police agency, which requires successful completion of an accredited police academy."

Officer Vargo was an officer with the Township of Union from February 1983 until his retirement in February 2006, for a total of 23 years. Prior to that, Officer Vargo was a Middlesex

County Sheriff's Officer from April 1973 through February 1983, for a total of approximately 10 years. In total, officer Vargo amassed approximately 33 years of prior service.

Plaintiff maintains that Officer Vargo's experience as a sheriff's officer does not qualify under the relevant language because the contract language applies to service as a "police officer," which is different from a sheriff's officer. Plaintiff also argues that whether Officer Vargo's prior years of service as a sheriff's officer count towards his 25-year requirement is an issue for the jury. The Court disagrees.

As Defendants noted during oral argument, the State of New Jersey defines a "police officer" as "any employee of a law enforcement unit, *including sheriff's officers* . . . ." N.J.S.A. 52:17B-67. Given this statutory definition, and given the interplay between the State's pension system and the relevant contract language, the Court finds that any reasonable interpretation of the phrase "police officer" would include a county sheriff's officer. Accordingly, the Court holds that Officer Vargo's 10 years of service as a sheriff's officer, when added to his 23 years of service as an officer with the Township, clearly satisfy the amended CBA's years of service requirement for receipt of health benefits. Officer Vargo, therefore, was contractually entitled to the benefits which he received, and thus cannot be said to be "similarly situated" to Plaintiff.

In order to prove her NJ LAD claim premised upon disparate treatment, Plaintiff must show that retired male officers who were not contractually entitled to lifetime health benefits nevertheless received those benefits. Because, as discussed above, both Officers Stotzer and Vargo satisfied the years of service requirements under their respective contracts, they are not similarly situated to Plaintiff. Accordingly,

IT IS on this 6th day of April, 2017,

**ORDERED** that Plaintiff shall not be permitted to introduce evidence pertaining to Officers Stotzer or Vargo.

IT IS SO ORDERED.

JOSE L. LINARES, U.S.D.J.