**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARYANNE COSIMANO, | Civil Action No.: 10-5710 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| TOWNSHIP OF UNION, *et al.*, | |
| Defendants. | |

**LINARES**, District Judge.

On April 10, 2017, outside of the presence of the jury, this Court heard oral argument on Defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Court issued an oral opinion on Defendants' motion on the record on April 11, 2017. That ruling is memorialized in this Opinion and the accompanying Order.

### A. 42 U.S.C. §1983 Claim

As Plaintiff's counsel stated on the record during the April 10th oral argument, Plaintiff has conceded to dropping her claim under 42 U.S.C. § 1983, as there is insufficient evidence from which a reasonable jury could find in Plaintiff's favor

1

with respect to that claim. Accordingly, Plaintiff's § 1983 claim as against both Defendants is hereby dismissed.

### B. NJ LAD Claim as Against Township

Defendant has moved for judgment as a matter of law with respect to Plaintiff's claim under the New Jersey Law Against Discrimination. A judgment of a matter of law is appropriate only where "the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

To make out a prima facie case of disparate treatment under the NJ LAD, a Plaintiff must demonstrate (1) that she is a member of a protected class; and (2) that she was treated less favorably by the Township of Union with respect to entitlement to retiree health benefits than her male counterparts.

The Parties have already stipulated that Plaintiff is, in fact, a member of a protected class based upon her sex. Thus, the only issue is whether Plaintiff has put forth sufficient evidence from which a reasonable jury could find that the Township of Union treated Plaintiff differently from her male counterparts.

Giving Plaintiff all reasonable inferences as the Court must do at this time, the Court finds that Plaintiff has set forth a prima facie case for disparate treatment with respect to her claim as against the Township and that Plaintiff has put forward

sufficient evidence from which a jury could determine that the Township's given reason for the denial of benefits was, at least in part, a pre-text for sex discrimination.

Specifically, a reasonable jury can consider the following non-exhaustive list of evidence that Ms. Cosimano was subjected to disparate treatment based upon her sex: (1) that at least two other male officers (namely Bruno and Matrale) may have been similarly situated to Plaintiff but nevertheless given benefits to which they were not entitled and (2) that Director Zieser did not intervene in Cosimano's case in the same manner in which he intervened in the case of Ardito. The jury can also consider the credibility of the Zieser's reason for transferring Plaintiff from Detective to Patrol, particularly in light of arguably contradictory testimony from Captain Berry. Given this evidence before the jury, a reasonable jury could find in favor of Plaintiff with respect to her NJ LAD claim as against the Township of Union.

### C. NJ LAD Claim as Against Director Zeiser

Defendants' motion for judgment as a matter of law as to Director Zieser gives the Court greater pause. The New Jersey Supreme Court has held that because "the plain meaning of the definition of employer in the LAD does not include a supervisor . . . individual liability of a supervisor for acts of discrimination . . . can only arise through the 'aiding and abetting' mechanism that applies to 'any person.'" *Cichetti v Morris County Sheriff's Office*, 194 N.J. 563, 594 (N.J. 2008) (citing NJSA 10:5-

12(e)). Aiding and abetting, in turn, "require[s] active and purposeful conduct." *Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004).

> [I]n order to hold an employee liable as an aider or abettor, a plaintiff must show that "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.'"

*Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004) (citations omitted). In other words, aiding and abetting "require[s] active and purposeful conduct." *Id.* at 83. The Court heard argument from Defense counsel yesterday that Zeiser did not actively aid or abet any NJ LAD violation. At this time, questions remain in the Court's mind as to whether the Plaintiff has shown aiding and abetting liability as to Zeiser. Accordingly, the Court finds the better course to reserve on Defendants' motion for judgment as a matter of law with respect to Zeiser, until a later time—either at the conclusion of the presentation of all evidence or after a jury has returned a verdict. This claim may go forward at this time.

### D. Punitive Damages Claim

Finally, the court addresses whether Plaintiff's request for punitive damages may go to the jury. To prove entitlement to punitive damages, Plaintiff must show by "clear and convincing evidence" that Defendants' conduct was malicious or that Defendants acted in a manner that demonstrated a willful or wanton disregard for Plaintiff's rights. *See Rosenfeld v. Canon Business Solutions, Inc.*, Civ. No. 09-

4

4117, 2011 WL 4527959, *20-21 (D.N.J. Sept. 26, 2011) (JBS); *see Delli Santi v. CNA Ins. Co.*, 88 F.3d 192, 207 (3d Cir. 1996). Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. *Rosenfeld*, 2011 WL 4527959, *20-21. Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission. *Id.*

The standard of "clear and convincing evidence" means evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. N.J. Model Civil Jury Charge 8.61.

Here, applying the "clear and convincing evidence" standard, the Court has not heard any evidence from which a reasonable jury could find that Plaintiff is entitled to punitive damages. That is, the Court has not heard that any evidence from which a reasonable jury could find that Defendants acted with an "evil-minded act" which was designed or intended to specifically injure Ms. Cosimano. Nor has Plaintiff put forth evidence by which a reasonable jury could find that Defendants acted with knowledge of a high degree of probability of harm to Plaintiff and reckless indifference to the consequences of that act.

Accordingly, Defendants' motion for judgment as a matter of law with respect to the claim for punitive damages is granted. The jury will not consider whether Ms. Cosimano is entitled to punitive damages.

The Court heard argument from Defense counsel yesterday that Zeiser did not actively aid or abet any violation. At this time, questions remain in the Court's mind as to whether the Plaintiff has shown aiding and abetting liability as to Zeiser. Accordingly, the Court finds the better course to RESERVE on Defendants' motion for judgment as a matter of law with respect to Zeiser, until a later time—either at the conclusion of the case or after a jury has returned a verdict. This claim may go to the jury at this time.

### E. Conclusion

For the reasons stated herein, Defendant's motion for judgment as a matter of law is granted in part, denied in part, and reserved in part. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: April 11, 2017

JOSE L. LINARES, U.S.D.J.