NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MARYANNE COSIMANO, | Civil Action No.: 10-5710 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| TOWNSHIP OF UNION, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Maryanne Cosimano's Motion for Certification Pursuant to 28 U.S.C. § 1292(b). (ECF No. 340). Defendant Township of Union has submitted an opposition, (ECF No. 344), and Plaintiff has submitted a reply, (ECF No. 345). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

## I.   BACKGROUND

Both the Parties and this Court are quite familiar with the facts of this case. Accordingly, the Court will only discuss the facts to the extent necessary to resolve Plaintiff's motion.

Trial on the above-captioned matter commenced on April 4, 2017. (ECF No. 276). At the close of Plaintiff's case in chief, Defendants Township of Union and Police Director Daniel Zieser ("Zieser") moved for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50(a). In response to said motion, Plaintiff conceded to the dismissal of her retaliation claim under 42 U.S.C. § 1983. Additionally, the Court denied Defendants' motion with respect to

the Township's liability under the New Jersey Law Against Discrimination ("NJLAD"), granted the Defendants' motion with respect to Plaintiff's claims for punitive damages, and reserved on the motion as to Zieser's liability for aiding and abetting the Township's NJLAD violation. (ECF Nos. 286, 287).

On April 13, 2017, a jury returned a verdict in favor of Plaintiff, and against both Defendants, in the amount of $355,486.00. (ECF No. 289). Specifically, the jury found the Township liable for a violation of the NJLAD, and also found Defendant Zieser liable for aiding and abetting the Township in its NJLAD violation. (ECF No. 293). Defendants renewed their motion for JMOL as to Defendant Zieser's liability at the conclusion of the trial, after the jury returned a verdict against both Defendants. On April 27, 2017, after reviewing briefing from both Parties on the renewed motion for JMOL, this Court granted Defendants' motion for JMOL as to Director Zieser's liability. (ECF Nos. 301, 302). On June 22, 2017, this Court entered a Judgment in Plaintiff's favor, (ECF No. 316), which the Court amended on July 14, 2017, (ECF No. 320).

Defendant Township of Union filed a new motion for JMOL or, alternatively, for a new trial, on July 19, 2017. (ECF No. 324). The Court denied Defendant's motion for JMOL, but granted its motion for a new trial. This Court held that the jury's finding that the Township did not satisfy its burden of production at the second step of the *McDonnell Douglas* burden-shifting test was against the weight of the evidence. (ECF No. 337).

On September 14, 2017, Plaintiff filed the instant motion, asking this Court to certify the Court's August 31, 2017 Opinion and Order granting the Township's motion for a new trial, (ECF Nos. 337, 338), pursuant to 28 U.S.C. § 1292(b). (ECF No. 340). Granting such a motion would allow Plaintiff to immediately petition the Third Circuit to appeal the Court's August 31 Opinion

and Order, on what Plaintiff believes is a controlling question of law.

## II. LEGAL STANDARD

A district court has discretion to certify an order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *Peterson v. Imhof*, No. 13-cv-0537 (JBC), 2017 WL 3438451, at *2 (D.N.J. Aug. 10, 2017). District courts certify cases "sparingly," under this statute, as it is a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions . . . .'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). In deciding whether to certify an order, the Court considers three criteria: whether the order "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advances the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting *Johnson v. Alldredge*, 488 F.2d 820, 822 (3d Cir. 1973)). "The purpose of § 1292(b) is 'to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary.'" *Imhof*, 2017 WL 3438451, at *2 (quoting *Meyers v. Heffernan*, No. 12-2434 (MLC), 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014)). Thus, the "saving of time of the district court and of expense to the litigants" is a "highly relevant factor" in the Court's decision. *Katz*, 496 F.2d at 755.

## III. ANALYSIS

Plaintiff argues that the question of whether the Second Circuit's ruling in *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47 (2d Cir. 1998), applies in the Third Circuit creates a controlling question of law on which there is substantial ground for difference of opinion, and

the resolution of which would materially advance the litigation. (*See generally* ECF No. 340). This Court disagrees.

### A. Controlling Question of Law

A controlling question of law is one which: "(1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (quoting *Katz*, 496 F.2d at 755).

Plaintiff argues that the question of whether the *Greenway* rule applies in the Third Circuit is controlling because the application of that rule would have mandated that this Court deny the Township's motion for a new trial. (ECF No. 340-1, at 5). In *Greenway*, the Second Circuit held that a defendant waived its right to demand a new trial when it failed to notify the district court that it thought the jury's response to one of the questions related to the *McDonnell Douglas* burden-shifting framework was incorrect. 143 F.3d at 52–53. This Court agrees with Plaintiff that if *Greenway* applied in this Circuit, Defendant Township of Union would have waived its right to move for a new trial and this Court would have denied Defendant's motion for a new trial. As such, the application of the *Greenway* rule in the Third Circuit would be controlling. *See Katz*, 496 F.2d at 755 (noting that a question is controlling if its incorrect resolution would require reversal of a final judgment). However, as explained in more detail below, *Greenway* does not apply in the Third Circuit.

### B. Substantial Ground for Difference of Opinion

Plaintiff argues that the absence of any guidance from the Third Circuit on whether the *Greenway* rule applies creates "substantial ground . . . for a difference of opinion on whether the

4

Township waived its right to object to the jury's answer to Interrogatory No. 2." (ECF No. 340-1, at 7). This is not so.

"A 'substantial ground for difference of opinion' must 'arise out of genuine doubt as to the correct legal standard.'" *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) (quoting *Kapossy*, 942 F. Supp. at 1001). It is not enough for Plaintiff to merely disagree with this Court's opinion. *Kapossy*, 942 F. Supp. at 1001. The fact that an "appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion." *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (citing 16 Wright & Miller, *Federal Practice and Procedure*, § 3930 n.6 (1977 & Supp. 1983)). Moreover, the substantial ground for difference of opinion must be within the Third Circuit. *See PNY Techs., Inc. v. Netac Tech. Co.*, No. 13-6799 (SRC), 2016 WL 544488, at *2 (D.N.J. Feb. 10, 2016) (noting that the fact that other circuits have treated a question differently is not sufficient for a court to certify that question); *Kapossy*, 942 F. Supp. at 1003 (failing to find substantial ground for difference of opinion where the only decision that supported plaintiff's argument was not binding on that court).

In a prior opinion in this case, this Court noted, in reference to the *Greenway* rule, that "no such waiver rule exists within the Third Circuit." (ECF No. 337, at 12). Plaintiff concedes that her research has failed to uncover any Third Circuit case law addressing the *Greenway* rule. (ECF No. 340-1, at 7). This Court's research, again, yields the same result. Third Circuit courts are not simply silent on the *Greenway* rule, they have expressly noted that a party does not waive its right to move for a new trial by failing to object to a jury verdict when it is read. *See Fillebrown v. Steelcase, Inc.*, 63 F. App'x 54, 59 (3d Cir. 2003); *Greenleaf v. Garlock, Inc.*, 174

F.3d 352, 365 (3d Cir.1999). As such, Plaintiff has failed to show that there is a "substantial ground for difference of opinion."

**C. Advancement of the Litigation**

Certification to the Court of Appeals would materially advance the ultimate termination of the litigation where, "if the trial court decision were reversed on appeal, the litigation would then end." *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993). Plaintiff argues that a decision from the Third Circuit that the *Greenway* rule applies would materially cut down on the costs and time associated with a second trial. (ECF No. 340-1, at 8). Defendant believes that triable issues would remain, even if the *Greenway* rule were to apply. (ECF No. 344, at 13). Specifically, Defendant raises the issues of the "new jury instructions regarding the Cosimano Arbitration Award," the inadmissibility of "evidence relating to Plaintiff's transfer from the Detective Bureau to the Patrol Division" and whether "evidence relating to Plaintiff's claim under 42 U.S.C. § 1983" should be barred. (*Id.*)

Plaintiff is correct, however, in noting that these issues, standing alone, are not sufficient grounds on which to grant a new trial. (ECF No. 345, at 4). This Court explained that, even though more thorough instructions to the jury may be necessary regarding the Cosimano Arbitration Award, it did not find "its ruling barring the Parties from referencing or introducing the Cosimano Arbitration Awards, in and of itself, to be problematic." (ECF No. 337, at 15). Additionally, Plaintiff has already conceded to the dismissal of her § 1983 claim, and as such, any objection to evidence relating to that claim is moot. (*Id.*, at 18). Finally, while Defendants correctly note that evidence pertaining to Plaintiff's transfer from the Detective Bureau to the Patrol Division will be inadmissible at the new trial, this fact alone does not necessarily mandate

a new trial. While it seems clear that a dispositive answer from the Third Circuit on the applicability of the *Greenway* rule to this case would advance the litigation, it is not clear that this progress would be material. The parties are prepared and ready for a new trial, discovery has long since been completed, and the parties are unlikely to have to file significant additional pre-trial motions. *Cf. Kapossy*, 942 F. Supp. at 1004 (deciding that where a case had been proceeding before the court for three years, discovery had concluded, *in limine* motions had been filed and decided, and trial had been scheduled, an interlocutory appeal resulting in a stay of the district court proceedings would not materially advance the litigation). Furthermore, Defendants correctly note that the new trial will be shorter than the previous trial, as a number of issues have been resolved. (ECF No. 344, at 15).

In sum, while the first and third elements of the § 1292(b) analysis may weigh in favor of certifying the August 31, Order to the Third Circuit, this Court finds that there clearly is no "substantial ground for difference of opinion" as to the application of the *Greenway* rule in the Third Circuit. As a result, this Court exercises its discretion and denies Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 1292(b). (ECF No. 340).

### IV. <u>CONCLUSION</u>

For the aforementioned reasons, Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is hereby denied. An appropriate Order accompanies this Opinion.

DATED: October 23rd, 2017

JOSE L. LINARES
Chief Judge, United States District Court