NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF UNION, *et al.*, <br><br> Defendants. | Civil Action No.: 10-5710 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of the motions *in limine* filed by Plaintiff Maryanne Cosimano and Defendant Township of Union. (ECF Nos. 353, 354). Both parties submitted opposition. (ECF Nos. 355, 356). The Court has considered the submissions of the parties and heard oral argument on the motions on February 14, 2018. For the following reasons, the parties' motions are denied.

### A. Plaintiff's Motions

Plaintiff's motion *in limine* contains three separate motions. Plaintiff moves to: (1) bar Defendant from introducing evidence that Plaintiff was not entitled to health benefits when she retired pursuant to the provisions of the collective negotiations agreement ("CNA"); (2) obtain permission to present evidence of nine retired male police officers who Plaintiff believes are similarly situated to Plaintiff and who currently receive health benefits in retirement paid for by the Defendant; and (3) obtain permission to present evidence concerning her transfer from detective to patrol officer prior to her retirement. (*See generally* ECF No. 353).

*i. Plaintiff's Motion to bar Defendant from introducing evidence of the CNA*

Plaintiff, without citing to a single case or rule of evidence, argues that the Court should bar Defendant from introducing its reliance on the terms of the CNA as a legitimate reason for denying Plaintiff health benefits. (ECF No. 353-1 at 4–10). Plaintiff believes that such a defense is a "fraud," because the evidence presented at the previous trial shows that Defendant relied on past practice, rather than the terms of the contract, in deciding whether to award lifetime health benefits at retirement. (*Id.*). Defendant correctly notes, however, that such challenges to Defendant's reliance on the CNA go towards the weight the jury affords such evidence rather than its admissibility. (ECF No. 356 at 10).

As this Court has previously explained, "[c]laims under the NJLAD follow the burden-shifting test espoused in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." (ECF No. 337 at 5). Under that test, once Plaintiff states a *prima facie* case of sex discrimination, Defendant is "required to articulate a legitimate, non-discriminatory reason for its adverse employment action against [Plaintiff]." (*Id.*). Defendant's reliance on the CNA is precisely such a legitimate, non-discriminatory reason. In fact, in its Opinion granting Defendant's motion for a new trial, this Court held that the "Township certainly set forth a legitimate, non-discriminatory rationale for its decision by way of the CNA." (*Id.* at 12). That Plaintiff is not eligible for benefits under the CNA "has [already] been determined to be a correct interpretation of that contract," and as such, "the jury was *required* to find that the Township had met its burden of production at the second step of the *McDonnell Douglas* burden shifting test." (*Id.* at 13) (emphasis added). As such, the evidence that Plaintiff was not entitled to health benefits when she retired under the CNA is clearly relevant and admissible, and Plaintiff's motion *in limine* to exclude such evidence is denied.

*ii. Plaintiff's request for permission to admit evidence pertaining to nine allegedly similarly situated male police officers*

Plaintiff seeks to admit the employment histories of the following nine male police officers: Harry Capko, Donald Matrale, III, Joseph Casalino, Robert Vargo, Larry Kuntz, David Hoff, David Van Deventer, Albert Stotzer, and Frederick McCarrick. (ECF No. 353 at 11). The Court has specifically addressed the admissibility of seven of nine of these officers, and the remaining two are not "similarly situated" under this Court's prior holdings.

During trial on April 5, 2017, this Court determined that Harry Capko and Larry Kuntz were not similarly situated to Plaintiff. (ECF No. 309 at 10:12–13:5). Both Capko and Kuntz retired under the CNA that existed prior to the 1999 amendments that modified the CNA governing Plaintiff's entitlement to benefits. (*Id.*). The Court held from the bench that only male officers governed by the old CNA who were not actually entitled to benefits would be similarly situated, and since both Capko and Kuntz had more than 25 years of service under their governing contract, neither could be similarly situated. (*Id.*).

On April 6, 2017, the Court also issued a written Opinion and Order holding that Robert Vargo and Albert Stotzer were not similarly situated to Plaintiff and denying Plaintiff's motion to admit evidence pertaining to those officers. (ECF No. 278). Therein, the Court again stated that "in order to be 'similarly situated' to the Plaintiff in this case . . . retired male officers must have been given lifetime health benefits to which they were not contractually entitled." (*Id.* at 1). The Court found that both Vargo and Stotzer were contractually entitled to their lifetime health benefits. (*Id.* at 3). As for Donald Matrale, Joseph Casalino, and Frederick McCarrick, the Court determined on the record that each officer was not similarly situated to Plaintiff. (*See* ECF No.

314 at 4:25–5:22; ECF No. 310 at 5:5–7:8; ECF No. 312 at 87:22–88:5). There is nothing new on the record before this Court at this juncture to alter the Court's prior determinations.

Finally, David Hoff and David Van Deventer are both contractually entitled to lifetime health benefits according to Plaintiff's own submissions. David Hoff was a Union Township police officer from November of 1981 to July of 2009, giving him over 27 years of service. (ECF No. 216 at 6). David Van Deventer was a police officer with the City of Newark from May 1965 through December of 1968, and then with Union Township from January of 1969 to July 1, 1992. (*Id.* at 5). Under the CNA prior to the 1999 amendments, an officer was entitled to health benefits "so long as they had 25 years of service with the Township of Union or 'prior service with another Police or Fire department or other Governmental agency." (ECF No. 278 at 2). Officer Van Deventer's service with the Newark police department certainly falls within the scope of the governing CNA, putting him over 27 years of service. As such, Plaintiff's motion seeking permission to admit evidence regarding the employment history of the aforementioned nine male officers is denied.

### iii. *Plaintiff's motion seeking to admit evidence relating to her transfer from detective to patrol officer*

Plaintiff seeks permission to enter evidence relating to Plaintiff's "demotion from the detective bureau to the patrol bureau," as evidence that the township engaged in sex discrimination. (ECF No. 353-1 at 16). In deciding Defendant's motion for a new trial, this Court held that "evidence pertaining to Plaintiff's transfer will not be admitted at the new trial." (ECF No. 337 at 18). The specific issue to be tried at the upcoming trial is whether Plaintiff was improperly denied post-retirement health benefits by virtue of the fact that she is a woman. Evidence of Plaintiff's transfer from detective to patrol officer sheds no light on this issue and may lead to confusion of

4

the jury, specifically in light of the fact that there is no evidence that said transfer was in any way linked to Plaintiff's sex. (*See* ECF No. 337 at 17–18 (noting that Ms. Green, who made the decision to deny Plaintiff benefits, had no involvement with or knowledge of Plaintiff's transfer, and that Plaintiff was transferred along with two male detectives)). The evidence on the record also indicates that there was a wholesale restructuring of the Union Township Police Department, with over 30 officers transferred or reassigned at the same time as Plaintiff. (Trial Ex. D-14). Furthermore, the temporal relationship between Plaintiff's transfer and her retirement also indicates that whatever probative value evidence relating to the transfer may have would be outweighed by its potential prejudicial effect and probability of confusion. Plaintiff's motion seeking permission to enter precisely this evidence is therefore denied.

**B.  Defendant's Motion**

Defendant moves to bar all testimony and evidence relating to Plaintiff's work commendations, performance evaluations, and workplace injuries. (ECF No. 354-1). Defendant argues that such evidence is irrelevant under Federal Rule of Evidence 402, that its probative value is outweighed by its prejudicial effect under Federal Rule of Evidence 403, and that it is impermissible character evidence under Federal Rule of Evidence 404. (*Id.*).

Defendant argues that such evidence is no longer relevant, as it was only relevant to Plaintiff's aforementioned transfer from the detective bureau, which is no longer an issue in this case. (ECF No. 354-1 at 10–11). While the Court agrees that Plaintiff's transfer is no longer an issue in this case, Plaintiff's work history is appropriate background testimony and may be circumstantially relevant as to the credibility of Defendant's asserted non-discriminatory reason for denying Plaintiff health benefits. It may also be relevant in comparing her denial of benefits to that of Paul Bruno, the one similarly situated male officer. Evidence is relevant where it has

"any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. For example, if evidence were to come in during the upcoming trial that Bruno has a comparatively less impressive job performance history and/or a similar performance history to Plaintiff, and was nevertheless granted benefits while Plaintiff was not, that may be circumstantial evidence of sex discrimination and evidence that the jury may consider in determining whether Defendant's asserted non-discriminatory reason for denying Plaintiff health benefits was pretextual. Thus, the Court denies Defendant's motion to exclude evidence of Plaintiff's job performance.

DATED: February 15, 2018

HON. JOSE L. LINARES
Chief Judge, United States District Court