NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE COSIMANO, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF UNION, <br><br> Defendant. | Civil Action No.: 10-cv-5710 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge

On April 4, 2018, outside the presence of the jury, Defendant Township of Union moved for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50(a). The Court then heard oral argument on Defendant's motion. The Court reserved judgment on Defendant's motion, and Defendant renewed its motion for JMOL at the conclusion of trial, after the jury returned a verdict against Defendant. Neither party requested supplemental briefing, and this matter is now ripe for the Court's adjudication. For the reasons stated below, Defendant's motion for JMOL is denied.

### I. BACKGROUND

Both the parties and this Court are quite familiar with the facts of this case. Accordingly, the Court will only discuss the facts herein to the extent necessary to resolve Defendant's motion. The second trial in the above-captioned matter commenced on April 2, 2018. (ECF No. 370). On April 6, 2018, the jury returned a verdict finding the Township of Union liable for a violation of New Jersey's Law Against Discrimination ("NJLAD") and in favor of Ms. Cosimano in the amount of $341,804.00. (ECF No. 377).

1

## II. LEGAL STANDARD

A court may grant a motion for JMOL under Rule 50(a) only if, after hearing the plaintiff's case in full, the "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The Court must make this assessment viewing the evidence in the light most favorable to the nonmoving party and giving the nonmovant the advantage of every fair and reasonable inference. *Wittekamp v. Gulf & W., Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993). "Although judgment as a matter of law should be granted sparingly," a scintilla of evidence is not enough to sustain a verdict of liability. *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978). "Thus, although the Court draws all reasonable and logical inferences in the nonmovant's favor," an order granting judgment as a matter of law is appropriate if, "upon review of the record, it is apparent that the verdict is not supported by legally sufficient evidence." *Lighting Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).

## III. DISCUSSION

In light of the above standard, the issue before the Court is whether JMOL is appropriate as to Defendant's liability under NJLAD. The Court must determine whether, based upon the evidence presented in Plaintiff's case in chief, a reasonable jury could have found that the Defendant violated NJLAD by discriminating against Plaintiff based on her gender.

Claims under NLAD follow the burden-shifting test laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that analysis, a plaintiff has the initial burden of setting forth a prima facie case of sex discrimination. *Id.* at 802. To make out a prima facie case of

disparate treatment for a denial of health benefits under NJLAD, Plaintiff must demonstrate (1) that she is a member of a protected class, and (2) that she was treated less favorably by the Township of Union with respect to her entitlement to retiree health benefits than similarly situated male police officers. *See Iovanella v. Genentech Inc.*, No. 09-1024 (KSH), 2010 WL 11527386, at *7 (D.N.J. Dec. 31, 2010), *aff'd* 452 F. App'x 85 (3d Cir. 2011); *see also Peper v. Princeton Univ. Bd. of Trs.*, 77 N.J. 55, 83 (1978) (noting that the factors making out a prima facie case of discrimination vary according to the relevance of the factors to the facts of the case and the type of discrimination at issue).

Once Plaintiff satisfies the above prima facie showing, the burden of production (but not persuasion) then shifts to Defendant. Specifically, a defendant in an NJLAD case is required to articulate a legitimate, non-discriminatory reason for its adverse employment action against Plaintiff. *Peper*, 77 N.J. at 83. During trial, the Court found that Defendant had satisfied this burden of production as a matter of law. (Trial Tr. vol. 4, 29). Thus, the burden shifts back to Plaintiff, who must show that the reason articulated by Defendant for denying her health benefits was merely a pretext for discrimination. *Peper*, 77 N.J. at 83.

Here, the Township contends that Plaintiff has not come forward with any evidence that a similarly situated male police officer was treated more favorably with regard to the receipt of lifetime health benefits at retirement. (Trial Tr. vol. 3, 153). Defendant further argues that there is no evidence that Plaintiff's gender played any role in how she was treated or in the decision whether to award her those lifetime health benefits. (Trial Tr. vol. 3, 153). Defendant maintains that Donald Garretson is a similarly situated male officer who was not awarded lifetime health benefits at retirement, because the Township applied the terms of the collective bargaining agreement to Mr. Garretson as it did to Ms. Cosimano. (Trial Tr. vol. 3, 154). As to Paul Bruno—

the officer that Plaintiff claims is similarly situated to Plaintiff but was awarded lifetime health benefits at retirement—Defendant argues that Mr. Bruno is not similarly situated to Plaintiff as a matter of law. (Trial Tr. vol. 3, 154). Finally, the Township contends that even if Ms. Cosimano established a prima facie case of gender discrimination, she did not set forth sufficient evidence as a matter of law by which a reasonable jury could determine that the Township's stated reason for denying her lifetime health benefits was a pretext. (Trial Tr. vol 3, 158).

### A. Ms. Cosimano's Prima Facie Case of Gender Discrimination

The Court finds that a reasonable jury had a sufficient basis to determine that Ms. Cosimano established a prima facie case of gender discrimination under NJLAD. As to Defendant's contention that Mr. Bruno was not similarly situated to Plaintiff, this Court has twice rejected this very same argument and sees no reason to depart from its prior reasoning here. In this Court's April 17, 2017 Opinion resolving the Township's motion to exclude evidence relating to Paul Bruno, the Court found:

> that the most critical points of comparison are (1) whether the retired male officer was subject to the same relevant language of the collective bargaining agreement as plaintiff, and (2) whether the male was not entitled to benefits but nevertheless received them. The Court finds that the existence of identical contract language eliminates a significant amount of the subjective decision-making often at issue in cases involving employment decisions, such as, for example, decisions to demote employees based on a myriad of underlying considerations that would go into that type of decision-making.

(ECF No. 295 at 2). In its August 31, 2017 Opinion addressing Defendant's motion for JMOL at the end of the first trial in this matter, the Court noted that "the Court [had already] rejected Defendant's arguments . . . that Paul Bruno was not similarly situated because he was subject to a different decision-maker than Ms. Cosimano and because the eight-year gap between Paul Bruno's and Ms. Cosimano's retirement renders the Bruno retirement irrelevant." (ECF No. 337 at 6).

Defendant raises the very same argument in the instant motion. (Trial Tr. vol. 3, 154–55). However, in addition to the two factors discussed above, Defendant now argues that there is a third factor that renders Paul Bruno dissimilar to Ms. Cosimano: that Kathleen Green, the decision-maker, did not know of Paul Bruno, the relevant comparator. (Trial Tr. vol. 3, 155–56). However, the cases Defendant cites in support of the application of that factor specifically discuss the need for a known comparator in the context of a disciplinary employment action. *E.g.*, *Landry v. Lincare, Inc.*, 579 F. App'x 734, 737 (11th Cir. 2014); *Glass v. Armstrong Utils.*, No. 13-1173, 2014 WL 7015966, at *7 (W.D. Pa. Dec. 11, 2014).

Whether or not two people are similarly situated "requires a court to undertake a fact-intensive inquiry on a case-by-case basis." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004). As mentioned above, the Court finds that the existence of the same contract language in the collective bargaining agreements for Mr. Bruno and Ms. Cosimano renders moot the many subjective determinations that might be aided by the decision-maker's knowledge of a comparator. As such, the Court does not find that a known comparator is a necessary factor in the similarly situated analysis here and sees no reason to alter its prior determination that Mr. Bruno is similarly situated to Ms. Cosimano. Because Mr. Bruno is similarly situated to Ms. Cosimano, the Court finds that a reasonable jury could determine that Plaintiff established a prima facie case of employment discrimination. The parties have stipulated that Ms. Cosimano is a member of a protected class, and the evidence shows that Mr. Bruno, a similarly situated male officer, received lifetime health benefits that he was not entitled to under the collective bargaining agreement upon retirement, whereas Ms. Cosimano did not. (Trial Tr. vol. 2, 152–53; vol. 3, 74–75).

**B. Proof of Pretext**

Defendant next argues that Plaintiff has set forth no evidence that its stated reason for terminating Ms. Cosimano was a pretext for gender discrimination. In making this point, Defendant argues that: (1) Kathleen Green, the Human Resources director who denied Ms. Cosimano her benefits, made the correct decision under the collective bargaining agreement; (2) Mr. Garretson, a male officer, was also denied lifetime health benefits at the time of retirement; (3) the fact that Ms. Green was female undercuts any inference that discrimination was the real reason for denying Ms. Cosimano benefits; and (4) one comparator is not sufficient at the pretext phase under *Ray v. Pinnacle Health Hospitals*, 416 F. App'x 157 (3d Cir. 2010). (Trial Tr. vol. 3, 158–59).

Notwithstanding the fact that *Pinnacle Health Hospitals* is not a precedential opinion from the Third Circuit, it does rely on *Simpson v. Kay Jewelers*, 142 F.3d 639, 645–46 (3d Cir. 1998), for the proposition that one comparator is not enough at the pretext stage of the burden shifting analysis. *Pinnacle Health Hosps.*, 416 F. App'x at 164. *Simpson* came before the Third Circuit on appeal from the grant of summary judgment for the defendant in an Age Discrimination in Employment Act case. 142 F.3d at 642. The Third Circuit wrote that "[t]his is not to say that the evidence of the more favorable treatment of a single member of a non-protected group is never relevant, but rather that the evidence can not be viewed in a vacuum." *Id.* at 645. The Court further explained that an inference of discrimination "anytime a single member of a non-protected group was allegedly treated more favorably than one member of the protected group" is "not necessarily" acceptable at the pretext stage, "where the factual inquiry into the alleged discriminatory motives of the employer" rises to a new level of specificity. *Id.* at 646.

In *Simpson*, the plaintiff relied on one comparator where there were 34 members of the non-protected class who were similarly situated to the plaintiff and treated the same. *Id. Simpson*

clearly left open the possibility that one comparator might be sufficient in different scenarios, as the Third Circuit qualified its holding by stating that one comparator was not "not necessarily" sufficient at the pretext stage. The specific factual inquiry espoused as necessary at the pretext stage in *Simpson* shows that this case is one of those scenarios. Here, there was no large field of potential comparators from the non-protected class. There were two similarly situated male police officers in this case. Plaintiff points to Mr. Bruno, who received lifetime health benefits at the time of his retirement, and Defendant points to Mr. Garretson, who did not receive benefits. Thus, the Court does not view this case as a scenario where one comparator is deficient at the pretext stage as a matter of law.

While Defendant may make valid points regarding Ms. Green's decision-making, including her decision to deny Mr. Garretson lifetime health benefits at retirement, it is Plaintiff's burden to prove that Defendant's stated reason for denying Ms. Cosimano lifetime health benefits was a pretext. Plaintiff has done so. Plaintiff has put forward sufficient evidence such that a reasonable jury could find that Defendant's reliance on the collective bargaining agreement was pretextual. Plaintiff has put forward evidence that Paul Bruno, a similarly situated male police officer, received lifetime health benefits despite the fact that he was not entitled to them under the collective bargaining agreement. (Trial Tr. vol. 2, 152–53; vol. 3, 74–75). Plaintiff also introduced into evidence an email chain featuring Ms. Green, Captain Landolfi, and Director Zieser in which they discuss Officer Nicholas Ardito's entitlement to benefits. (Ex. P-70). Giving every fair and reasonable inference to Plaintiff, a reasonable jury could conclude that, based on this email, the Township applied a different standard to Ms. Cosimano.

Furthermore, it is within the jury's province to assess the credibility of the witnesses that testified in this case. The jury heard testimony from Ms. Green, Director Zieser, and Ms.

Cosimano regarding the interactions that took place surrounding Ms. Cosimano's retirement and her entitlement to lifetime health benefits. Based on the testimony that each witness gave on direct and on cross-examination, a reasonable jury could conclude that such testimony supported Plaintiff's claim that Defendant's stated reason for denying Ms. Cosimano lifetime health benefits was a pretext. In summary, viewing the evidence in the light most favorable to Plaintiff, she has presented more than a mere scintilla of evidence on which a reasonable jury could have found in Plaintiff's favor with respect to her NJLAD claim.

## IV. CONCLUSION

For the reasons stated herein, Defendant's renewed motion for JMOL is DENIED. An appropriate Order accompanies this Opinion.

DATED: April 18, 2018

JOSE L. LINARES
Chief Judge, United States District Court